Appeal of TYLER WAREHOUSE COM-        Docket No. 512.
PANY.

Lease construed to provide for rental payments in sums set forth in the opinion.

Submitted January 28, 1925; decided January 31, 1925.

C. R. McAtee, Esq., for the taxpayer.

Laurence Graves, Esq. (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before JAMES, STERNHAGEN, TRAMMELL, and TRUSSELL.

This appeal involves income and profits tax for the years 1919 and 1920 in the sums of $2,794.13 and $7,017.77, respectively. From the petition, the admissions of the Commissioner, and from oral stipulations of counsel the Board makes the following

FINDINGS OF FACT.

The taxpayer is a Missouri corporation with its principal office at Collins and Dickson Streets, St. Louis, Mo.

The taxpayer was organized in 1912, with a nominal capital to operate a storage warehouse business, in a building owned by the Dickson Street Realty & Investment Co. The taxpayer was on the cash receipts and disbursements basis. As a general proposition in the storage warehouse business the receipts or earnings are deferred and are not payable until the goods are removed.

On April 19, 1912, a lease in writing was made by the Dickson Co. to the taxpayer, and being renewed according to its option, has a term of 10 years, said lease, omitting description of premises and signature, being in terms as follows:

This lease, made and entered into this nineteenth day of April, 1912, by and between the Dickson Street Realty and Investment Company, a corporation organized under the laws of Missouri, as lessor, party of the first part, and the Tyler Warehouse Company, a corporation organized under the laws of Missouri, as lessee, party of the second part, witnesseth:

That the said party of the first part, in consideration of the rents herein reserved and the covenants and agreements hereinafter mentioned, has leased, and by these presents does lease, to the said party of the second part, for a term of five years, with an option of five years longer, commencing the first

day of August, nineteen hundred and twelve, and ending the thirty-first day of July, nineteen hundred and seventeen, the following-described real estate, situated in the city of St. Louis, State of Missouri, to wit:

*       *       *       *       *       *       *

The second party agrees to pay to the first party, its successors or assigns, as rent all the money it receives for storage and otherwise, not exceeding twenty thousand ($20,000) dollars per annum, except such money as it will need to pay all of its expenses, which latter includes all money expended for managing the business, for labor, for power, for light, for drayage, for maintenance and upkeep of the cold-storage plant, etc.

The first party agrees to pay all general and special taxes which may be assessed against the property, including the sprinkling tax and to pay all insurance, both fire and tornado.

The first party also agrees that it will at its own expense keep the buildings and improvements, both inside and outside, in good repair.

If the option herein given to the second party is exercised, then this lease shall terminate on the thirty-first day of July, nineteen hundred and twenty-two.

In witness whereof, etc.

Subsequently a supplemental agreement was made concerning installation of equipment by the lessor, the expense to be paid by taxpayer as additional rent distributed over the years 1913 to 1918, inclusive, the pertinent provision of same for the payment of said additional rent being in terms as follows:

The lessee covenants it will pay to the lessor, in addition to the rents stipulated in the original lease, the further sum of $2,000 per annum, payable in quarterly installments.

Taxpayer and lessor performed said supplemental agreement as fixing a special rent payable at fixed times and being preferred to the rent due under the original lease, and performed the original lease as being for a term of years with no fixed time for the payment of the rent, and no fixed rent for any year, said rent for the term being computed as all specified profits during the term but not exceeding $20,000 per annum, thus establishing the contingent rental for the term of ten (10) years as being $200,000 under the original lease.

During the eight years from 1913 to 1920, inclusive, in which period no question was raised by the Commissioner as to the methods employed, the following table shows taxpayer's liability for, and its payments of, rent:

| In year ending Dec. 31. | Gross receipts for year. | Total expense except rent. | Available for rent. | Paid on account. | Difference not paid. |
|---|---|---|---|---|---|
| 1913 | $22, 418. 45 | $10, 825. 13 | $12, 593. 32 | $11, 000. 00 | $1, 593. 32 |
| 1914 | 21, 648. 08 | 11, 167. 72 | 12, 470. 36 | 9, 088. 96 | 3, 381. 40 |
| 1915 | 22, 657. 00 | 11, 021. 08 | 11, 635. 92 | 7, 065. 00 | 4, 570. 92 |
| 1916 | 29, 569. 60 | 15, 048. 70 | 13, 520. 90 | 8, 500. 00 | 5, 020. 90 |
| 1917 | 31, 514. 73 | 13, 310. 62 | 18, 204. 10 | 19, 898. 37 | —1, 694. 27 |
| 1918 | 43, 042. 54 | 19, 330. 31 | 25, 712. 23 | 22, 400. 00 | 1, 312. 22 |
| 1919 | 53, 944. 71 | 21, 322. 81 | 32, 621. 90 | 31, 236. 99 | 1, 384. 91 |
| 1920 | 69, 268. 08 | 24, 355. 67 | 44, 912. 41 | 44, 495. 61 | 416. 80 |
|  |  |  |  |  | 17, 680. 47 |
|  |  |  |  |  | 1, 694. 27 |
|  | 294, 083. 19 | 126, 382. 05 | 167, 681. 14 | 153, 684. 93 | 15, 986. 20 |

Taxpayer and lessor always performed the original lease as providing for a cumulative rent for the term of the lease, making and receiving partial payments each year on account but not in full, and in one year (1917) paying more than the available profits for the year, and in other years (1918, 1919, and 1920) paying in excess of $20,000.

The Commissioner construed the lease as requiring the payment of rent in no year in excess of $20,000 and in the years here in question disallowed as deductions from income the sums paid in excess of $20,000, to wit:

$11,236.99 _____In 1919
 24,495.61 _____In 1920

### DECISION.

The deficiency of $2,794.13 for the year 1919 is disallowed. The deficiency for the year 1920 shall be computed in accordance with the following opinion. Final decision will be settled on consent or on ten days' notice, in accordance with Rule 50.

### OPINION.

JAMES: The lease here in question provides for a payment construing the original and supplemental provisions together, of "all the money it receives for storage and otherwise, not exceeding $20,-000 per annum, except such sums as it will need to pay all of its expenses * * *" and "in addition to the rents stipulated in the original lease, the further sum of $2,000 per annum * * *."

This we believe means that the lessee was required to pay as rent the sums set out in the column of figures headed "Available for rent" up to the sum of $22,000 for the years 1913 to 1918, inclusive, and to the sum of $20,000 for the years 1919 and 1920. As so construed, the sums paid in the years 1913 to 1917 were less than the sums due in the following amounts:

1913 _____ $3,593.32
1914 _____  5,381.40
1915 _____  6,570.92
1916 _____  7,020.90
1917 _____    306.73
                                                       ----------
     Total _____ 22,873.27

In the year 1918, $22,400 was paid, an excess of $400, leaving a balance due of $22,473.27. In 1919, the taxpayer paid in excess of the rent for that year but on account of back rent then due, the sum of $11,236.99. The entire amount claimed by the taxpayer is therefore an allowable deduction for the year 1919. The balance of rent due and unpaid on account of prior years was therefore at the beginning of 1920 $11,236.28. The taxpayer paid in that year the sum of $24,495.61 in excess of the amount due for rent for that year. Of this sum $11,236.28 is properly deductible as rent due and unpaid for prior years and the sum of $13,259.33 was properly disallowed by the Commissioner. The tax for the year 1920 will be recomputed accordingly and the deficiency determined as hereinbefore provided.